Mark A. Novick

v.

Mary C. Dillon

November 26, 1997

Case No. LB-2534-4

BY JUDGE RANDALL G. JOHNSON

After the hearing on November 21, the court took under advisement defendant Doctor Mary C. Dillon's motion in limine to preclude the introduction of evidence that on the day after plaintiff's surgery, she said to plaintiff "I will pay all of your hospital and medical bills," or words to that effect. While Dr. Dillon denies making the statement at all, it is her position that even if it was made, it was made as an offer of settlement and is inadmissible. Plaintiff argues that the statement is admissible as an admission of liability since Dr. Dillon, who was the anesthesiologist during plaintiff's surgery, would not make such an offer unless she knew she was negligent. The court will preclude the statement.

Generally, offers of compromise are not admissible to prove liability. *See, e.g., Agelasto v. Atkinson Real Estate,* 229 Va. 59, 64, 327 S.E.2d 84 (1985). Admissions made during settlement discussions are. *Richmond v. Ewing's Sons,* 201 Va. 862, 869-70, 114 S.E.2d 608 (1960). Neither of those principles is applicable to this case, however, because it is plaintiff's claim that the statement was made the day after surgery, before any formal dispute arose. If that is true, Dr. Dillon's statement cannot be said to have been made as an offer to compromise a disputed claim and would not be held inadmissible on that ground. *See* 4 Wigmore, *Evidence* § 1061, n. 1 (Chadbourn rev. 1979), distinguishing cases involving offers before and after controversies arise. Nevertheless, the statement will be barred.

The court has been unable to locate a Virginia case directly on point. Wigmore's discussion of the subject, however, leaves no doubt what the law is:

> [A]n *offer to an injured person to remedy the harm* suffered should be inadmissible.
>
> In particular, the *offer of remedial assistance*, to an injured person, by one whose apparatus or conduct has caused the injury or on whose premises the injury has occurred, ought not to be evidence of an admission of culpable causation.

2 Wigmore, *Evidence*, § 283a(4) (Chadbourn rev. 1979) (emphasis in original).

Cases from twenty-four states, as well as from federal courts, England, Canada, and Puerto Rico, are cited in support of the statement. No cases holding a contrary view are cited. In *Gray v. Delta Airlines, Inc.*, 127 Ga. App. 45, 192 S.E.2d 521 (1972), it was said:

> This type of activity [paying hospital bills] constituting a voluntary offer of assistance made on the impulse of benevolence or sympathy should be encouraged and should not be considered as an admission of liability . . . .
>
> Georgia cases accept[] the Biblical direction to "do unto others as you would have them do unto you," with recognition that such altruistic acts do not constitute an admission of liability but are made in the spirit of God's Grace . . . .

192 S.E.2d at 526 (citations omitted).

This court agrees that offers such as the one attributed to Dr. Dillon in this case, whether made out of a sense of religious or moral obligation, sympathy, conscience, or anything else, should be encouraged, and so long as they do not contain an express admission of liability, should not be admitted as evidence of liability at trial. The statement allegedly made by Dr. Dillon does not contain an express admission of liability. It is inadmissible.